## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                  )
MACK PEREZ-TEJADA; ROGER RICKS II;   )
ROY MCELROY; ASHRAF MESHRIKY; and   )
EZENWA ONUKWUE, on behalf of themselves )
and all others similarly situated;                  )
                                                  )
                         Plaintiffs,               )
                                                  )
v.                                                )          C.A. No.
                                                  )
                                                  )
MATTRESS FIRM, INC.;                         )
KENNETH E. MURPHY, individually; and     )
JIM BLACK, individually,                        )
                                                  )
                         Defendants.              )
_____)

## PLAINTIFFS' CLASS ACTION COMPLAINT
## AND DEMAND FOR A JURY TRIAL

The Plaintiffs Mack Perez-Tejada, Roger Ricks II, Roy McElroy, Ashraf

Meshriky, and Ezenwa Onukwue, on behalf of themselves and all others similarly

situated, (collectively, the "Plaintiffs") for their complaint against the defendants

Mattress Firm, Inc.; Kenneth E. Murphy, individually; Jim Black, individually

(collectively, the "Defendants" or "Mattress Firm") state as follows:

## PARTIES

1.      Plaintiff Mack Perez-Tejada ("Mr. Perez-Tejada" or "Massachusetts

Plaintiff") is an adult individual residing in Massachusetts.  Mr. Perez-Tejada was

employed as an inside sales employee by the Defendants throughout Massachusetts,

including at their stores in Quincy, Boston, Milton, Dedham, Braintree, Plainville and

Canton.

2.      Plaintiff Roger Ricks II ("Mr. Ricks") is an individual residing in Texas. Mr. Ricks was employed as an inside sales employee by the Defendants from December 2015 until July 2016 throughout Texas, including the Defendants' Denton, Lewisville, and Flowermound stores.

3.      Plaintiff Ashraf Meshriky ("Mr. Meshriky") is an individual residing in New Jersey.  Mr. Meshriky was employed as an inside sales employee by the Defendants from September 21, 2015 until April 24, 2017 throughout towns in Central New Jersey, including East Brunswick.

4.      Plaintiff Roy McElroy ("Mr. McElroy") is an individual residing in Illinois. Mr. McElroy was employed as an inside sales employee by the Defendants from May 2016 until February 2017 in Defendants' stores throughout Illinois, including the Defendants' Naperville, Aurora, Yorkville and Shorewood stores.

5.      Plaintiff Ezenwa Onukwue ("Mr. Onukwue") is an individual residing in Georgia.  Mr. Onukwue was employed as an inside sales employee by the Defendants from April 2016 until August 2017 at Defendants' stores in Georgia, including the Defendants' Atlanta store.

6.      The Defendant, Mattress Firm, Inc., ("Mattress Firm") is a foreign corporation with a principal place of business located at 10201 South Main Street, Houston, TX 77025-5229.  Mattress Firm currently operates directly or indirectly approximately 3,500 retail stores in the United States, including approximately 90 retail stores in Massachusetts.

7.      The Defendant Kenneth E. Murphy ("Mr. Murphy") is the President and Director of Mattress Firm, Inc.  Upon information and belief, Mr. Murphy has significant

control over Mattress Firm's operations including, but not limited to, the company's pay practices.

8.     The Defendant Jim Black ("Mr. Black") is the Treasurer of Mattress Firm. Upon information and belief, Mr. Black has significant control over Mattress Firm's operations including, but not limited to, the company's pay practices.

## JURISDICTION

9.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is a civil action where there is a federal question, i.e. the violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207(a)(1).

10.     This Court has jurisdiction over plaintiffs' Massachusetts state law claims pursuant to 28 U.S.C. Section 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

11.      Venue in the District of Massachusetts is proper because many of the events and controversies included in the complaint took place in the Commonwealth of Massachusetts.  Additionally, Plaintiff Mack-Perez brings claims on behalf of a sub-class of Massachusetts workers asserting rights under the Massachusetts Wage Act.

## FACTS RELEVANT TO THE NATIONWIDE CLASS CLAIMS

12.     Mattress Firm is a nationwide chain of more than 3,500 (three thousand five hundred) retail stores that sell mattresses to the public.  The mattresses that are sold are not for re-sale.  Mattress Firm is a retail business.

13.     Upon information and belief, Mattress Firm employs more than 7,000 inside sales employees at these retail stores across the United States.

14.     According to its web site, Mattress Firm has an annual dollar volume of sales or business in excess of $500,000.00.  According to a recent filing with the Securities and Exchange Commission, Mattress Firm's sales exceeded $3.5 billion in 2016.

15.     During the three years preceding the filing of this complaint, Mattress Firm employed thousands of individuals as inside sales employees.

16.     At all relevant times, the Plaintiffs and other similarly situated inside sales employees worked for Mattress Firm as inside sales employees.

17.     The Plaintiffs and all other similarly situated inside sales employees regularly engaged in inside sales for Mattress Firm.  Specifically, the Plaintiffs and all other similarly situated inside sales employees sold and/or sell furniture products to Mattress Firm customers in person at Mattress Firm retail stores.

18.     The Plaintiffs and other similarly situated inside sales employees worked and/or work more than 40 (forty) hours a week.  Specifically, they were routinely scheduled to work more than 40 (forty) hours each week.  Indeed, Mattress Firm intentionally and willfully misclassified the inside sales employees as exempt and consistently misreported wages earned based on hourly work as commissions.

19.     Mattress Firm had and/or has knowledge that the Plaintiffs and other similarly situated inside sales employees worked and/or work more than 40 (forty) hours each week over the last three years.

20.     At no point during the Plaintiffs' employment did Mattress Firm, or any agent of it, ever inform the Plaintiffs, or other similarly situated inside sales employees, in

writing or otherwise, that they were not permitted to work more than 40 (forty) hours in a week [without receiving overtime pay in accordance with the law].

21.     During the last three years, Mattress Firm paid its inside sales employees an hourly wage. Notably, Mattress Firm self-describes their inside sales employees as "hourly" employees.  The hourly wages are not a sales draw, are not recoverable, and are not conditioned on, nor dependent on, any of the sales that the inside sales employees make.   Instead, they make an hourly wage for each hour worked regardless of the quality of their performance, and without regard to the amount of sales made.

22.     Mattress Firm also, on occasion, pays an additional commission.  These commissions do not account for more than 50% of the inside sales employees' total compensation.

23.     During the last three years, the Plaintiffs, and the similarly situated sales employees, were paid an hourly rate for their work for Mattress Firm.  The hourly rate was in no way connected to the sales that each individual made.  In addition, the commissions the Plaintiffs and similarly situated employees received individually did not amount to more than 50% of each their total income.

24.     Upon information and belief, Mattress Firm does not have a company policy to review weekly, monthly, quarterly or even yearly whether or not the inside sales employees' commissions account for at least 50% of their total compensation.

25.     Indeed, a majority (more than 50%) of the employees' total compensation are the payments they receive based on a pre-determined hourly rate.  Mattress Firm had and/or has a company-wide policy of not paying the Plaintiffs, or any other similarly situated inside sales employees, an hourly rate equal to one and one-half times their regular

hourly rate for all the hours that they worked in excess of 40 (forty) during the many weeks of their employment for Mattress Firm that they worked more than 40 hours as required by 29 U.S.C. 207(a)(1) and/or 29 C.F.R. § 778.117.

## FACTS RELATED TO THE MASSACHUSETTS CLASS CLAIMS

26.     Defendants have approximately 90 (ninety) retail stores throughout the Commonwealth of Massachusetts.  Mattress Firm uses these stores to sell commodities at retail to the general public, i.e. mattresses.  The furniture that Mattress Firm sells is not for resale.

27.     Upon information and belief, the Defendants have more than 200 (two hundred) inside sales employees in Massachusetts at any given time.

28.     Pursuant to M.G.L. c. 151, § 1A-1B and c. 136 § 6, the Defendants were required to pay the Plaintiffs, and all similarly situated inside sales employees, an hourly rate equal to one and one-half times their regular hourly rate for all the hours that they worked in excess of 40 (forty) during any given week and for all hours worked on Sunday.

29.     The Plaintiffs, and all the other similarly situated inside sales employees, regularly worked over 40 (forty) hours a week and regularly worked on Sunday.

30.     The Defendants did not and/or does not pay the Plaintiffs, and all other similarly situated inside sales employees, for the hours that they work in excess of 40 (forty) or on Sunday during any given week at an hourly rate equal to one and one-half times their regular rate of pay, when such wages were due and payable under M.G.L. c. 149, § 148.

31.     During the three (3) years preceding the filing date of this complaint, the Defendants have employed more than 40 (forty) different people as inside sales employees in Massachusetts.

32.     On any given day, Mattress Firm employs 90 (ninety) or more people in the same position that the Plaintiffs held as inside sales employees working from one of its stores in Massachusetts.

33.     In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wage and Workplace Complaint Form was filed for Mr. Perez-Tejada with the Massachusetts Office of the Attorney General prior to initiating this action.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs bring Count I on behalf of themselves, and all similarly-situated individuals.  The proposed FLSA collective class is defined as follows:

> All persons who worked as inside sales employees for Mattress Firm at any time in the three years prior to the filing of this Complaint, who have not been compensated at a rate of 1.5 times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

35.     Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).

36.     Upon information and belief, the proposed FLSA collective class contains in excess of a thousand individuals and is so numerous that joinder of all members would be impractical, if not impossible. The identity of the proposed FLSA collective class members is readily ascertainable by review of Defendants' records.

37.     There are numerous questions of law and fact common to the proposed FLSA collective class members that the Plaintiffs seek to represent.  These questions include, but are not limited to: (1) whether Defendants' improperly classified the inside sales employees as exempt from overtime pay; (2) whether Defendants violated applicable law by failing to pay inside sales employees' overtime compensation for all hours worked in excess of forty in a given workweek; (3) whether the failure to pay

correct overtime rates constitutes a willful violation of applicable law; (4) whether the proposed FLSA collective class members are entitled to restitution; (5) whether Defendants are liable for pre-judgment interest; and (6) whether Defendants are liable for attorneys' fees and costs.

38.    The claims of the class Plaintiffs are typical of the claims of the proposed FLSA collective class members, which they seek to represent.  The proposed FLSA collective class Plaintiffs' claims arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. The Plaintiffs are not aware of any defenses which may be distinct to their claims.

39.    The Plaintiffs will fairly and adequately protect the interest of the proposed FLSA collective class members. The Plaintiffs have retained competent and capable counsel who are experienced trial lawyers with significant experience in complex litigation, including class action and employment litigation. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the putative proposed FLSA collective class members.

40.    Upon information and belief, the FLSA collective class members potentially consist of thousands of individuals from across the country.

41.    As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

42.    As described in the preceding paragraphs, during the applicable statutory period, Plaintiffs and similarly situated members of the proposed collective class routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for all hours worked in excess of forty (40).

43.     Defendants willfully engaged in a pattern of violating the FLSA by knowingly failing to pay inside sales employees' overtime compensation and misclassifying them as exempt from overtime pay provisions, despite knowing that the inside sales employees routinely worked in excess of forty hours in a workweek, were paid *de facto* on an hourly basis, and did not receive at least 50% of their compensation through commissions.

44.     Accordingly, as soon as permissible, notice of this action should be sent to the FLSA collective class via first class mail.  There are numerous similarly-situated current or former employees of Mattress Firm who have suffered from Defendants' practices and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Those similarly-situated current and/or employees are known to Defendants and are readily identifiable through Defendants' records.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

45.     The Massachusetts Plaintiff brings Counts II and III on behalf of himself, and all similarly-situated individuals.

46.     Upon information and belief, the Massachusetts class contains in excess of a hundred individuals and is so numerous that joinder of all members would be impractical, if not impossible. The identity of the Massachusetts class members is readily ascertainable by review of Defendants' records.

47.     There are numerous questions of law and fact common to the Massachusetts class members that the Massachusetts Plaintiff seeks to represent.  These questions include, but are not limited to: (1) whether Defendants' improperly classified the inside sales employees as exempt from overtime pay; (2) whether Defendants

violated Massachusetts law by failing to pay inside sales employees' overtime

compensation for all hours worked in excess of forty in a given workweek; (3) whether

Defendants violated Massachusetts law by failing to pay employees an hourly rate equal

to one and one-half times their regular hourly rate for each hour that they worked on a

Sunday; (4) whether the Massachusetts class members are entitled to restitution; (5)

whether Defendants are liable for pre-judgment interest; and (6) whether Defendants are

liable for attorneys' fees and costs.

48.    The claims of the Massachusetts Plaintiff are typical of the claims of the

Massachusetts class members, which he seeks to represent.  The Massachusetts

Plaintiff's claims arise out of the same common course of conduct by Defendants and

are based on the same legal and remedial theories. The Massachusetts Plaintiff is not

aware of any defenses which may be distinct to his claims.

49.    The Massachusetts Plaintiff will fairly and adequately protect the interest

of the Massachusetts class members. The Plaintiff has retained competent and capable

counsel who are experienced trial lawyers with significant experience in complex

litigation, including class action and employment litigation.  Neither Plaintiff nor his

counsel have interests that are contrary to or that conflict with those of the putative

Massachusetts class members.

**PROPRIETY OF CLASS ACTION FOR LITIGATING THESE CLAIMS**

50.    This action is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

of law or fact predominate over any questions affecting individual class members.

51.     A class action is superior to other methods in order to ensure a fair and

efficient adjudication of this controversy because, in the context of wage and hour

litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against a large corporate defendant, such as the Defendant named in the instant action.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation, which places an enormous burden on the courts, and may result in inconsistent judgments pertaining to defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

## COUNT I

**VIOLATIONS OF 29 U.S.C. 207(a)(1)**
**On Behalf of All Similarly Situated Inside Sales Employees in the United States**

52.    The Plaintiffs re-allege and incorporate paragraphs 1 through 51 above as if fully set forth herein.

53.    As described above, the Plaintiffs and the other similarly situated inside sales employees were paid an hourly rate plus commissions (that amounted to less than 50% of their compensation) and regularly worked more than 40 hours during multiple weeks that Mattress Firm employed them.

54.    Despite regularly working more than 40 hours, Mattress Firm did not pay Plaintiffs an hourly rate equal to one and one-half times their regular hourly rate for all hours that they worked in excess of 40 during multiple pay periods despite not eligible for any exemption.

55.    Accordingly, Mattress Firm's failure to pay the Plaintiffs and putative class members an hourly rate equal to one and one-half times their regular hourly rate for all of the hours that they worked in excess of 40 caused them to suffer damages in an amount to be proven at trial.

## COUNT II

### VIOLATIONS OF M.G.L. c. 149, §§ 148, 150; c. 151, § 1A-1B
### On Behalf of All Similarly Situated Inside Sales Employees in Massachusetts

56.     The Plaintiffs incorporate paragraphs 1 through 55 above as if fully set forth herein.

57.     Pursuant to M.G.L. c. 151, § 1A-1B, the Defendants were required to pay the Massachusetts Plaintiff, and all similarly situated inside sales employees, an hourly rate equal to one and one-half times their regular hourly rate for all the hours that they worked in excess of 40 (forty) during any given week.

58.     As detailed above, the Massachusetts Plaintiff, and all the other similarly situated inside sales employees, regularly worked over 40 (forty) hours each week in Massachusetts.

59.     Mattress Firm did not and/or does not pay the Massachusetts Plaintiff, and all other similarly situated inside sales employees, for the hours that they work(ed) in excess of 40 (forty) during any given week at an hourly rate equal to one and one-half times their regular rate of pay when such wages were due and payable under M.G.L. c. 149, § 148.

60.     As a direct result of the failure by Defendants to fully and timely compensate the Massachusetts Plaintiff, and all other similarly situated inside sales employees working in Massachusetts, for all the hours that they worked in excess of 40 (forty) during any given week when the wages for those hours were due and payable, they have lost wages and suffered damages in amount to be proven at trial, including treble damages, statutorily prescribed interest, costs, and, attorneys' fees.

## COUNT III

**VIOLATIONS OF M.G.L. c. 149, §§ 148, 150; c. 151, § 1A-1B; c. 136, § 6**
**On Behalf of All Similarly Situated Inside Sales Employees in Massachusetts**

61.     The Plaintiffs incorporate paragraphs 1 through 60 above as if fully set forth herein.

62.     Pursuant to M.G.L. c. 136 § 16, the Defendants was required to pay the Massachusetts Plaintiff and all other similarly situated inside sales employees an hourly rate equal to one and one half times their regular hourly rate for each hour that they worked on a Sunday.

63.     As described above, the Defendants failed to pay the Massachusetts Plaintiff and other similarly situated inside sales employees working in Massachusetts an hourly rate equal to one and one half times their regular hourly rate for each hour that they worked on a Sunday when such wages were due and payable under M.G.L. c. 149, § 148 and c. 151, § 1A.

64.     As a direct result of the failure by the Defendants to fully and timely compensate the Massachusetts Plaintiff and all other similarly situated inside sales employees working in Massachusetts for all of the hours that they worked on Sundays when the wages for those hours were due and payable under M.G.L. c. 149, § 148 and c. 151, § 1A, they have lost wages and suffered damages in an amount to be proven at trial, including treble damages, interest, costs, reasonable attorneys' fees and further consequential damages.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs, and all similarly situated employees, pray that the

Court:

   i.     Enter judgment on Count I on behalf of a nation-wide class of inside sales
          employees and award damages including, but not limited to, double damages
          (2x) for up to three years of violations -- as the violations were willful -- as
          well as attorneys' fees, costs and interest;

   ii.    Enter judgment on Counts II and III on behalf of a sub-class of
          Massachusetts inside sales employees and award treble damages, attorneys'
          fees, costs, and statutorily prescribed interest;

   iii.   Such other and further relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a jury trial on all issues so triable.

                                    PLAINTIFFS MACK PEREZ-TEJADA;
                                    ROGER RICKS II; ROY MCELROY;
                                    ASHRAF MESHRIKY; and  EZENWA
                                    ONUKWUE,

                                    On behalf of themselves and all others
                                    similarly situated,

                                    By their attorneys,

                                    ARROWOOD LLP

                         By:      /s/ Raymond P. Ausrotas_____
                                    Raymond P. Ausrotas (BBO #640315)
                                    Sarah E. A. Sousa (BBO #691089)
                                    ARROWOOD LLP
                                    10 Post Office Square, 7th Floor South
                                    Boston, MA 02109
                                    (617) 849-6200 telephone
                                    (617) 849-6201 facsimile
                                    rausrotas@arrowoodllp.com
                                    ssousa@arrowoodllp.com

Dated: December 12, 2017