DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

## STIPULATION OF SETTLEMENT AND RELEASE

This stipulation of class action settlement and release ("Agreement") is entered into by and between Plaintiff Mack Perez-Tejada and Christopher Estevez ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant Mattress Firm, Inc. ("Mattress Firm" or "Defendant") (collectively, the "Parties"), to voluntarily and completely settle and resolve the above captioned matter (the "Action") on the following terms:

### Recitals

1.      On or about December 12, 2017, Plaintiff Perez-Tejada filed a Complaint in the United States District Court, District of Massachusetts, captioned as *Mack Perez-Tejada, Roger Ricks II, Roy McElroy, Ashraf Meshriky, and Ezenwa Onukwue, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc., et al.,* Case No. 1:17-cv-12448.

2.      On or about January 12, 2018, Plaintiff Mack Perez-Tejada filed an Amended Complaint adding three additional Plaintiffs.

3.      On or about November 26, 2019, Plaintiff Mack Perez-Tejada filed a Second Amended Complaint removing all other Plaintiffs and adding Mr. Estevez as well as claims to the Complaint after receiving permission from the Court to do so via an Electronic Order issued on November 25, 2019.

4.      The Second Amended Complaint in the Action alleges claims on behalf of Plaintiffs and a putative class of other current and former employees employed at Mattress Firm in Massachusetts of alleged nonpayment of overtime, Sunday premium

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

pay, and Holiday premium pay in violation of 29 U.S.C. §207(a)(1), M.G.L. c. 136, §§ 6, 16, M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, § 1A-1B.

5.        On or about August 20, 2019, the parties began engaging in good faith settlement discussions.

6.        As part of the negotiation process, Defendant provided Plaintiffs' Counsel with information relating to Defendant's calculations relating to the range of potential damages that would be recoverable by the Settlement Class in the Action.

7.        On or about September 20, 2019, the Parties reached an agreement to settle the Action on the terms identified in this Agreement.

8.        In agreeing to the settlement embodied in this Agreement, Plaintiffs and their counsel have considered: (i) the facts developed during their investigation of the Action and the law applicable thereto, (ii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action, and (iii) the desirability of permitting the settlement to be consummated according the terms of this Agreement; and have concluded that the terms and conditions of the settlement and this Agreement are fair, reasonable, and adequate, and in the best interests of Plaintiffs and Settlement Class (as defined below).

9.        Defendant denies the material allegations in the Action, including all allegations of wrongdoing, fault, liability or damage to Plaintiffs and the class, denies that it engaged in any wrongdoing, denies that it committed any violation of law, denies that it acted improperly in any way, believes that it acted properly at all times, and believes the Action has no merit, but it is entering into this Agreement because the proposed settlement would eliminate the burden, risk, and expense of further litigation.   The

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

Agreement and the settlement of the Action are not and shall not in any way be construed as an admission or evidence of any violation by Defendant of any acts for which liability may attach.

10.     This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, transferees and assigns, and upon any corporation or other entity with which any party hereto may merge, consolidate or reorganize.

### Definitions

11.     The following terms are defined as follows for purposes of this Agreement:

a.      "Court" means the United States District Court for the District of Massachusetts.

b.      "Defendant" means Mattress Firm, Inc., as well as its past and present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, managers, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, insurers, reinsurers, heirs, successors and assigns.

c.      "Effective Date" means thirty five (35) days following the date of Final Approval (as defined below), provided there are no appeals of the Court's order granting Final Approval, or upon the final disposition of any appeal that has the effect of affirming the order in its entirety.

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

d.      "Fairness Hearing" means the hearing before the Court to consider the fairness of the settlement.  Pursuant to the timetable set forth in the Agreement, the Parties will request that the Court schedule the Fairness Hearing to be held no earlier than one hundred fifteen (115) days after the issuance of the Preliminary Approval Order.

e.      "Final Approval" means an order endorsed by the Court after the Fairness Hearing that finally and unconditionally grants Plaintiff's Motion for Final Settlement Approval.

f.      "Mailing" means the initial or re-mailing by the Settlement Administrator of the notice, objection and opt-out forms to Settlement Class Members.

g.      "Plaintiffs' Counsel" means James D. Livingstone and John P. Regan of The Employee Rights Group, LLC, and Raymond P. Ausrotas and Sarah E. A. Sousa of Arrowood LLP, who shall serve as counsel for the Settlement Class (as defined below).

h.      "Settlement Administrator" means Optime Administration, LLC, a third-party organization that shall be responsible for the administration of the settlement, including issuing notices, issuing tax and claim forms, withholding and payment of taxes, opening and maintaining a Qualified Settlement Fund ("QSF"), and making distributions to the Settlement Class Members, as authorized by the Court.  The duties of the Settlement Administrator are defined in more detail below.

i.      "Settlement Class" means a class to be certified for the purposes of settlement of this matter and comprised of all individuals who worked as

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

commission sales employees at Mattress Firm stores in Massachusetts during the time period from October 23, 2016 to August 1, 2019.

### Terms

12.     Notice to Class and Court Approval:   The Parties agree to cooperate to provide notice to the Settlement Class and seek Court approval of this proposed settlement as follows:

a.      Plaintiffs shall seek preliminary approval of the settlement, authorization to issue notice to the Settlement Class Members, and a date for a Fairness Hearing in a motion to be filed by as soon as possible.  Plaintiffs' Counsel shall be responsible for preparing and filing the motion for preliminary class settlement approval, as well as the proposed class notice, objection and opt-out forms, subject to review and approval by Defendant's counsel.

b.      Defendant shall send out notices pursuant to 28 U.S.C. § 1715(b) to all appropriate State officials within ten (10) days after the filing of the motion for preliminary class settlement approval.

c.      Defendant shall provide the Settlement Administrator and Plaintiffs' Counsel with the names and last known addresses for all Settlement Class Members within twenty-one (21) days after the Court issues its preliminary approval order.  Within that same time frame, Defendant will also provide the Settlement Administrator and Plaintiffs' Counsel with Defendant's damages estimate based on hours of overtime, Sunday hours, and holiday hours worked.

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

d.      The Settlement Administrator shall send the notices, tax and opt-out forms to all Settlement Class Members by first class mail within fourteen (14) days after receiving the names and last known addresses for all Settlement Class Members. In the event the Settlement Administrator receives returned notices due to incorrect or out-of-date addresses, the Settlement Administrator shall, within twenty-one (21) days of receiving the returned notices, forward such returned notices and claim forms by first class mail to any new or updated address that may become available.

e.      Settlement Class Members will have forty-five (45) days from the date of the Mailing to return their completed opt-out forms or their written objections to the settlement to the Settlement Administrator and to file objections with the Court.   To be considered timely, such forms or written objections must be received, if delivered by means other than United States First Class Mail, or postmarked, by a date certain to be specified on the notice, which will be forty-five (45) calendar days after the Settlement Administrator sends out the Mailing. The Parties may file written responses to any objections received prior to the Fairness Hearing.

f.      The parties will act in good faith to achieve maximum notice and participation from the class.

g.      Plaintiffs shall seek final approval of the settlement at a Fairness Hearing to take place on a date designated by the Court.   Within fourteen (14) days after the expiration of the Settlement Class Members' deadline for returning opt-out

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

forms and objections, Plaintiffs' Counsel shall prepare and file a motion for final settlement approval, subject to approval by Defendant's counsel.

13.      Gross Settlement Fund:   Defendant agrees to pay the total sum of one million two hundred thousand dollars ($1,200,000) to settle this matter (the "Gross Settlement Fund").   The Gross Settlement Fund shall represent Defendant's total obligation to Plaintiffs, the Settlement Class, and Plaintiff's Counsel, and shall include payments to Settlement Class Members, incentive payments to Plaintiffs, the costs of administering the settlement, all attorneys' fees and costs, and Defendant's share of payroll taxes.  Defendant will pay all fees required by the Settlement Administrator to administer the settlement prior to the Effective Date of the settlement.  Such amounts will be deducted from the Gross Settlement Fund.  Within fourteen (14) days after the Effective Date of the Settlement, Defendant shall fund the Gross Settlement Fund in consideration for the dismissal with prejudice of the Action and in full and complete satisfaction of the claims alleged by Plaintiff, on behalf of himself and the Settlement Class. The Gross Settlement Fund shall be distributed as follows:

a.      $400,000.00 in attorneys' fees, to be paid without deductions either by check or by wire transfer, and to be reported in an IRS Form 1099 at the appropriate time;

b.      $10,000.00 as incentive payments to each named Plaintiff, which shall be subject to approval by the Court and paid without deductions, and which shall be reported on an IRS Form W-2 at the appropriate time;

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

c.      $30,000.00 as costs for the retention of Dundon Advisors, LLC as bankruptcy advisers regarding Mattress Firm Inc.'s Chapter 11 bankruptcy filing in or about September 2018 and $800 as costs for filing fees.

d.      The actual costs of engaging the Settlement Administrator and establishing the QSF, which should not exceed $50,000.00.  In the unlikely event such costs do exceed $50,000.00, such excess shall come from the Gross Settlement Fund and will not require additional funds from the Defendant;

e.      The remainder ("Net Settlement Fund") will be distributed to the Settlement Class Members pursuant to the formula set forth in paragraph 14; and

f.      Any amounts remaining after distribution to the Settlement Class shall be distributed to the cy pres recipients as set forth in paragraph 16(e).

14.     Calculation of Settlement Shares:  The Net Settlement Fund will be distributed to Settlement Class Members based upon the following formula: Each Settlement Class Member will receive his or her pro rata share of the Net Settlement Fund using their estimated damages to determine their proportionate share and no one's estimated damages will be less than $100.

15.     Settlement Administrator:  Defendant's Counsel shall be responsible for retaining Optime Administration, LLC as Settlement Administrator to serve as the administrator of the settlement and perform services including, without limitation, dissemination of notices to Settlement Class Members, distribution of fees and costs, distribution of awards from the Settlement Fund to Settlement Class Members, employer tax payments and tax reporting related to the settlement payments, and providing notices of the Parties' settlement to governmental authorities as required by law.  All disputes

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out. All costs of administering the Settlement, including all fees and costs paid to the Settlement Administrator shall be paid from the Gross Settlement Fund and shall reduce the amount of the Net Settlement Fund payable to the Settlement Class Members. It shall be the responsibility of the Settlement Administrator to withhold the payroll deductions from the amounts payable to the Settlement Class Members, to pay the payroll taxes from the Gross Settlement Fund, to prepare and deliver any necessary tax documentation for signatures by all necessary parties, and to cause the appropriate informational and other tax return filings to occur. The Settlement Administrator shall also discharge other duties as required under the terms of this Agreement.

16.     Tax Treatment:  Payments to the Settlement Class Members shall be allocated 100% as wages subject to appropriate withholdings, for which the Settlement Administrator shall issue IRS Forms W-2. Settlement Class Members, Plaintiffs, and Plaintiffs' Counsel shall be responsible for their respective tax obligations and for all other taxes associated with the settlement payments. Defendant makes no representation regarding the allocation or tax treatment of the Payments described herein.

17.     Settlement Distribution Process:   Within fourteen (14) days after Defendant funds the Gross Settlement Fund, the Settlement Administrator shall issue checks to Plaintiffs' Counsel for the incentives and attorneys' fees and Dundon

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

Associates, LLC for fees.  Settlement payments to Settlement Class Members from the Net Settlement Fund shall be distributed as follows:

a.        No later than fourteen (14) days after Defendant funds the Gross Settlement Fund, the Settlement Administrator shall provide to Plaintiffs' and Defendant's counsel a listing indicating the amounts to be issued to each Settlement Class Member.  Counsel shall resolve all objections to the spreadsheet within seven (7) days thereafter.

b.        To receive a share of the Net Settlement Fund, Settlement Class Members do not need to submit a claim form.  Settlement checks will be mailed to those Settlement Class Members who did not opt out of the Settlement Class.

c.        The Settlement Administrator shall distribute the Net Settlement Fund to the Settlement Class Members according to the final agreed upon spreadsheet no later than fourteen (14) days after the spreadsheet is finalized.  Settlement Class Members will have ninety (90) days to either return or cash the settlement checks.

d.        The Settlement Administrator shall distribute all proceeds of the Net Settlement Fund that are not claimed by Settlement Class Members within ninety (90) days after issuance of checks shall be redistributed to the Settlement Class Members no later than fourteen (14) days after the expiration of the initial round of settlement checks.  Settlement Class Members will then have ninety (90) days to either return or cash the second round of settlement checks.

e.        No portion of the Gross Settlement Fund or Net Settlement Fund shall revert to Defendant.  To the extent any residual funds remain following distribution of the Net Settlement Fund (*e.g.*, from un-cashed checks), such

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

residual funds shall be held for a period of forty-five (45) days after the expiration of all settlement checks to resolve any disputes that may arise.  Five (5) days after that 45-day period has elapsed, all residual funds shall be donated on a cy pres basis to: Massachusetts Legal Assistance Corporation.

18.     <u>Release of Claims</u>:  As of the Effective Date, all claims for relief asserted in the Action shall be dismissed with prejudice and on the merits, with all rights of appeal waived.  Such dismissal shall be without attorneys' fees or costs to any Party.

a.     <u>Limited Release as to Settlement Class Members</u>:  As of the Effective Date, and by operation of the Final Approval, the Settlement Class Members shall be deemed to have released, dismissed, and forever discharged all known and unknown state and federal claims against Defendant, arising from October 23, 2016 through the date of Final Approval, that were or could have been asserted in the Action by Plaintiffs and the Settlement Class relating to Mattress Firm's pay and record-keeping practices under the Massachusetts Wage Law (M.G.L. c. 136, §§ 6, 16, M.G.L. c. 149, §§ 148, 150), Massachusetts Minimum Wage Law (M.G.L. c. 151 §§1 and/or the Massachusetts Overtime Law (M.G.L. c. 151, § 1A-1B), and the Fair Labor Standards Act of 1938, including all claims relating to the non-payment of minimum wage, overtime pay, Sunday and holiday pay, and all related common law claims, such as breach of contract and unjust enrichment.

b.     <u>General Release as to Plaintiffs</u>:  In conjunction with the settlement of the Action, Plaintiffs shall execute a separate General Release releasing and discharging Defendant of any and all charges, complaints, claims, or causes of action of any nature whatsoever, known or unknown, suspected or unsuspected,

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

contingent or non-contingent, which now exist, or have existed upon any theory of law or equity now existing or concerning the existence in the future which they have, claim to have, ever had, or ever claimed to have had against Defendant through the date of execution of this Agreement. The General Release will include any releasable claims under contract law, the regulations and the statutory and common law of any state, including the Commonwealth of Massachusetts, and any federal, state or local statute, ordinance or regulation including, without limitation, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, as amended, the Fair Labor Standards Act of 1938, the Massachusetts Civil Rights Act, the Massachusetts Equal Rights Act, Massachusetts General Laws Chapters 151 and 151B), as amended, Massachusetts' wage and hour laws (including the Minimum Wage and Overtime Laws), the Family and Medical Leave Act, and the Employee Retirement Income Securities Act, retaliation or whistleblower claims.

19.   Court Approval:  This settlement is conditioned upon approval by the Court.  If the Court does not approve the settlement, the Parties shall cooperate to effectuate approval.  If the Parties are unable to effectuate approval, after making diligent, good faith efforts, the Agreement shall become null and void, and the Parties shall be restored to their respective positions in the Action as they existed immediately prior to the execution of this Agreement.

20.   Resolution of Disputes:  The Parties agree that any disputes that may arise between them during the administration of this settlement shall be brought to the Court.

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

21.    <u>Reasonable Settlement</u>:  The Parties agree that the allocation of the Gross Settlement Fund set forth in this Agreement is reasonable and that such payments constitute a fair allocation of the Settlement Fund.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient investigation and after consultation with experienced legal counsel.

22.    <u>Governing Law and Jurisdiction of the Court</u>:  All terms of the Parties' Agreement and the exhibits and schedules hereto shall be governed by and interpreted according to the Federal Rules of Civil Procedure and the laws of the Commonwealth of Massachusetts, regardless of its conflicts of laws.  In addition, any dispute regarding the interpretation or validity of or otherwise arising out of this Agreement, or relating to the Action or the Released Claims, shall be subject to the jurisdiction of the Court, and the Plaintiffs, Settlement Class Members and Defendants agree to submit to the personal jurisdiction of the Court.

23.    <u>Counterparts</u>:  This Agreement may be executed in counterparts.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement.  Facsimile, electronic or scanned signatures shall have the same effect as original signatures.

24.    <u>No Publicity</u>:  Plaintiffs and Plaintiffs' counsel agree not to publicize in any way, whether in writing, orally or electronically (including online, web or internet postings, blogs or any other form of public media) to anyone, unless compelled by law, or

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

contact any media organization regarding the fact or terms of this Agreement.   In response to media inquiries, they will not discuss the settlement.

25.   Defendant's Right Not To Proceed With Settlement:   Defendant reserves the right not to proceed with the settlement if 10% or more of the class opts out of the settlement.  If Defendant elects its right not to proceed as provided in this paragraph, this Agreement will be rendered null and void, and the Parties shall be restored to their respective positions in the Action as they existed immediately prior to the execution of this Agreement.

26.   Entire Agreement:   This Agreement constitutes the entire agreement between the Parties relating to the settlement and transactions contemplated hereby.  All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of this Action.

27.   Waiver:  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this. If any Party hereto engages in a material breach of the terms hereof, the other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to the breaching Party or sue for enforcement.

IN WITNESS WHEREOF, the Parties, and their counsel, have executed the Agreement effective as of the Effective Date defined above.

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

PLAINTIFF MACK PEREZ-TEJADA,

DocuSigned by:

_____
Mack Perez-Tejada

Dated: 12/19/2019
_____

PLAINTIFF CHRISTOPHER ESTEVEZ,

DocuSigned by:

_____
Christopher Estevez

Dated: 12/21/2019
_____

DEFENDANT MATTRESS FIRM,
INC.,

_____
By: Melinda Harper, Vice President + Senior
                                    Litigation Counsel
Dated: 12/23/19
_____

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

## EXHIBIT A - NOTICE

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Mack Perez-Tejada and Christopher Estevez, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc.,* United States District Court for the District of Massachusetts, Civil Action No. 1:17-cv-12448-DJC

## THIS NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY

This notice is to inform you of a proposed class action settlement in the case *Mack Perez-Tejada and Christopher Estevez, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc.,* United States District Court for the District of Massachusetts, Civil Action No. 1:17-cv-12448-DJC, pending in United States District Court for the District of Massachusetts (referred to as the "Lawsuit").  The Lawsuit asserts that Mattress Firm, Inc. (referred to as "Defendant") failed to pay overtime, holiday and Sunday premium pay to commissioned sales employees working at Mattress Firm stores in Massachusetts.  The proposed settlement affects all individuals who worked as commissioned sales employees at Mattress Firm stores in Massachusetts during the time period from October 23, 2016 to August 1, 2019.  The settlement has been preliminarily approved by the court, but is conditioned upon final court approval.

## WHAT IS THIS CASE ABOUT?

The individuals who initiated this class action, Mack Perez-Tejada and Christopher Estevez (referred to as the "Plaintiffs"), both former employees of Mattress Firm, brought claims on behalf of themselves and other commissioned sales employees employed at Mattress Firm's Massachusetts stores, alleging that Defendants had failed to pay them overtime, holiday and Sunday premium pay in violation of 29 U.S.C. §207(a)(1), M.G.L. c. 149, §§ 148, 150 and M.G.L. c. 151, § 1A-1B.  Defendant denies that it engaged in any wrongdoing or that its conduct, as alleged, violated any statute, regulation or the common law.  The Plaintiffs are represented by attorneys Jay Livingstone and John Regan of The Employee Rights Group, LLC, 185 Devonshire Street, Suite 200, Boston MA 02110.  Defendants are represented by attorney Diane Saunders of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Boston Place, Suite 3500, Boston, MA 02018.  The parties have reached an agreement to settle the case without further litigation, and Defendant's records indicate that you may be eligible to participate in the settlement.

## WHAT IS A CLASS ACTION

In a class action, one or more person(s) called Class Representatives sue on behalf of those with similar claims.  All of these people together are called a Class or Class Members.  The Court resolves the issues for all Class Members, except for those who ask to be excluded from the Class.

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

## DESCRIPTION OF THE PROPOSED SETTLEMENT

The total gross amount of the proposed settlement is one million two hundred thousand dollars and no cents ($1,200,000). Individual settlement checks to Settlement Class Members will be calculated on the following basis: Each Settlement Class Member will receive his or her pro rata share of the Net Settlement Fund based on his or her combined pro rata share of Defendants' Damages Estimates for overtime, holiday and Sunday pay. In addition to payments to Settlement Class Members, out of the proposed settlement, Defendants will pay up to $400,000,000 in attorneys' fees and up to $30,800 in costs incurred by the Plaintiffs' attorneys for bringing and prosecuting the Lawsuit, and they will also pay the costs of administering the settlement of the Lawsuit. Incentive payments in the amount of $10,000 will be made to each of the Plaintiffs who undertook the risk and expense of initiating this Lawsuit on behalf of other employees of Mattress Firm. Any unclaimed settlement funds will be distributed to Massachusetts Legal Assistance Corporation.

Plaintiffs' counsel believes that the proposed settlement is fair, reasonable and adequate, based upon their analysis of the potential damages that could be obtained at a trial in this case and experience litigating other similar cases. There is always uncertainty in litigation, and even if one side wins there is the potential for multi-year delays in final resolution because either side may initiate appeals that must be decided by a higher court. Furthermore, obtaining a certain payment now has substantial benefit in these difficult economic times. Plaintiffs' counsel has concluded that, overall, the benefits of this settlement are considerable and outweigh the risks of continuing with further litigation.

## WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT

Upon final approval of the settlement by the Court, all Settlement Class Members will be deemed to have, and by operation of the Final Order of Approval will have expressly waived and relinquished, to the fullest extent permitted by law, all known and unknown state and federal claims against Defendants, arising from October 23, 2016 through the date of Final Approval, that were or could have been asserted in the Action by Plaintiffs and the Settlement Class relating to Mattress Firm's pay and record-keeping practices under the Massachusetts Wage Law (M.G.L. c. 136, §§ 6, 16, M.G.L. c. 149, §§ 148, 150), Massachusetts Minimum Wage Law (M.G.L. c. 151 §§1) and/or the Massachusetts Overtime Law (M.G.L. c. 151, § 1A-1B), and the Fair Labor Standards Act of 1938, 29 U.S.C. §207(a)(1), including all claims relating to the non-payment of minimum wage, overtime pay, Sunday and holiday pay, and all related common law claims, such as breach of contract and unjust enrichment (collectively, the "Released Claims").

## WHAT OPTIONS DO I HAVE WITH RESPECT TO THE CASE AND THE SETTLEMENT?

1.      **If You WISH to Participate in the Class Action Settlement:**

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

You do not need to do anything to remain a member of the Settlement Class. Unless you specifically request to be excluded from the Settlement Class, you will be deemed a member of the Settlement Class.  As a member of the Settlement Class, you will be bound by all terms of any settlement and judgment finally approved by the Court. You will not need to file a claim form to receive compensation under the proposed settlement if you remain in the class.  If the Court grants final approval of the Settlement, you will receive your share of the Settlement approximately 94 days after the date that Final Approval becomes final and unappealable.

**2.      If You DO NOT WISH to Participate  in the Class Action Settlement:**

If you do not want to remain a member of the Settlement Class, you must make a request to be excluded from the Settlement Class.  If you want to be excluded you must serve on Optime Administration LLC a written statement containing your name, current address, social security number, and your request to be excluded.  A form you may use to opt-out of the Settlement is included with this Notice. Optime Administration LLC must be served by mailing such materials to the following addresses, postmarked no later than [INSERT DEADLINE]:

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

If you submit a valid and timely request for exclusion from the Settlement Class you shall not be entitled to receive any benefits under the proposed Settlement, nor will you be bound by its terms or any Final Judgment if the Settlement is approved by the Court.  You may pursue any wage claims you may have against the Released Parties by filing your own lawsuit, subject to all applicable defenses.

**3.      To Object to the Settlement:**

If you wish to object to the settlement, the attorney's fee award, or the class representative fee, you must file an objection in writing with the Court directed to Civil Clerk, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210 by [INSERT DEADLINE] and serve copies upon Optime Administration LLC at the address listed in subparagraph (2) above, postmarked no later than [INSERT DEADLINE]. Your objection must contain your name, current address, social security number, and the substance of your objections. A form you may use to object to the Settlement is included with this Notice.

You may also appear in person at the final hearing to be held as stated below. You may hire an attorney at your own expense to represent you at this hearing and in making objections to the settlement.  If you or your legal counsel wish to appear in person at the final settlement hearing, this must be stated explicitly in your written notice of objection.  If you do not file written objections in advance of the hearing, your objections will not be heard.  If you do not file written objections in advance of the

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

hearing stating that you or your counsel intend to appear in person, you will not be allowed to present your objections orally at the hearing.

Only Settlement Class Members who object to the proposed Settlement in accordance with these procedures shall be permitted to appeal or otherwise seek review of the Court's decision approving the proposed Settlement. Settlement Class Members who fail to present objections to the proposed Settlement in the manner provided above shall be deemed to have waived any such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

## FINAL SETTLEMENT APPROVAL HEARING

There will be a court hearing on [INSERT DATE], at [INSERT TIME] in Courtroom 11 of the United States District Court for the District of Massachusetts located at One Courthouse Way, Boston, MA 02210. At that hearing, the Court will consider the fairness of the settlement and whether or not to finally approve this settlement.

## QUESTIONS?

This notice only summarizes the Lawsuit, the Settlement, and related matters. For more information about the Settlement, to obtain copies of the Stipulation of Settlement, or if you have any questions regarding the Settlement, you may contact:

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304


**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, THE PARTIES OR ANY OF THEIR ATTORNEYS WITH INQUIRIES.**

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

## EXHIBIT B – OPT OUT FORM

### REQUEST FOR EXCLUSION FROM CLASS ACTION ("OPT OUT") FORM

*Mack Perez-Tejada and Christopher Estevez, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc.,* United States District Court for the District of Massachusetts, Civil Action No. 1:17-cv-12448-DJC

IF YOU ***DO NOT*** WISH TO BE PART OF THE CLASS ACTION LAWSUIT YOU MUST COMPLETE, SIGN, AND SEND THIS FORM BY MAIL (POSTAGE REQUIRED) POSTMARKED ON OR BEFORE [INSERT DATE].

### IF YOU <u>WANT</u> TO BE PART OF THE CLASS ACTION LAWSUIT, AND RECEIVE ANY BENEFITS THEREFROM, DO NOT SEND THIS FORM

By signing and returning this form, I confirm that I ***DO NOT*** want to participate in the class action lawsuit entitled *Mack Perez-Tejada and Christopher Estevez, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc.,* United States District Court for the District of Massachusetts, Civil Action No. 1:17-cv-12448-DJC (the "Case"). I understand that by opting out of the Case, I am giving up my right to participate in the Case, but understand I can file a lawsuit or other claim on my own behalf. By providing the following information, I affirm that I want to <u>opt-out</u> (or exclude myself) from participating in the Case.

_____

First Name                          Middle Initial                          Last Name

_____

Current Mailing Address             City                          State          Zip

XXX-XX -_____
Last Four Digits of your Social Security Number

Date: _____     _____

                                    Signature

                                    _____

                                    Print Name

---

**IF YOU WISH TO OPT OUT, YOU MUST MAIL THIS COMPLETED FORM NO LATER THAN [INSERT DATE] TO:**

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

---

DocuSign Envelope ID: 68E9BAF7-BB39-43CF-9CCA-4588405B648B

## EXHIBIT C – OBJECTION FORM

*Mack Perez-Tejada and Christopher Estevez, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc.,* United States District Court for the District of Massachusetts, Civil Action No. 1:17-cv-12448-DJC

## OBJECTION TO SETTLEMENT

Dear Sir/Madam:

I object to the settlement because _____

_____

_____

First Name                          Middle Initial                          Last Name

_____

Current Mailing Address            City                          State          Zip

XXX-XX -_____
Last Four Digits of your Social Security Number

Date: _____          _____
                                        Signature

_____
          Print Name

---

**IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST MAIL THIS
COMPLETED  FORM NO LATER THAN [INSERT DATE] TO:**
Civil Clerk
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

AND

Optime Administration LLC
P.O. Box 3206
Brockton, MA 02304

---

41166071.1